**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NOV 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MAURO C. PALACIO
MCCONNELL UNIT
3001 S. EMILY DRIVE
BEEVILLE, TX 78102-8696
TDCJ-CID 01321256

VS.                           CIV    CASE NUMBER   1:06CV02054

                                     JUDGE: Unassigned

U.S. ATTORNEY GENERAL                DECK TYPE: Pro se General Civil
5137 ROBERT F. KENNEDY BLDG          DATE STAMP:  ▓/▓/2006
10TH ST AND CONSITITUTION AV N.W.                 11 30
WASHINGTON, DC 20530

U.S. MARSHAL SERVICE
OGC / GENERAL OFFICE
WASHINGTON, DC 20530

COMPLAINT

TO THE HONORABLE DISTRICT JUDGE OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NOW COMES Mauro C. Palacio, Invoking his Constitutional and Civil Rights, complaining against the U.S. Department of Justice Attorney General Office, and the U.S. Marshal Service regarding the events occurred in the month of March 2004.

In the time of the events, I was detained by the U.S. Department of Justice by order of the U.S. Attorney General and the custody executed by the United States Marshal Service as Federal pretrial detainee.

On the 26 of February, 2004

I was housed at McLennan County Detention Center (MCDC), in Waco, Texas by the order and discretion of The United States Department of Justice, U.S. Attorney General, and executed by the U.S. Marshal Service.

RECEIVED

OCT 1 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Between the 9th and the 10th of March 2004, was moved from the original cellblock to a Medical room, because a red dot appeared between by right leg and testicle. However no major medical treatment was performed. Only given a solitary place with no supervision at all.

The Medical Department leading by Ms. Rubi, squeezed the red dot, and the following day 11th March 2004, the red dot increased in size, similar or exceeding the size of the testicle. There was pain and suffering due to this situation.

On the 13th of March 2004, the pain increased in considerably, and the jokes by the staff became the main event. Whatsoever, this same day my beloved parents visited me and were taken around for five hours before they saw me, for unknown reasons. After the visit, my parents talked to the Warden of (MCDC) about my miserable condition, and was then transported to Providence Health Center (ER) in Waco, Texas. The doctor prescribed medicine and was given a dose to lower the pain and fever: I was diagnosed with a "spider bite".

On the 14th of March 2004 the pain continued due to the lack of medicine. It was the weekend and there was no Pharmacy Service and the infection, fever, pain and suffering continued indiscriminately. Due to my situation my parents visited me again this day and I explained what happened the day before. At the end of the visit my parents talked again to the Warden of (MCDC) about by decreasing health and the need of qualified medical service.

On the 15th of March 2004, was transported again to Providence Health Center (ER) in Waco, Texas, this time waiting for six hours before being. At this time I was seen by another doctor who verified by prior visit and told me that my problem was "cellulite" however he never seen the affected area and gave me a new prescription and told me to see him three to four days. He said that if I continue with the same symptoms that I was probably going to be admitted to the Hospital.

On the other part, my parents urged the unit warden of (MCDC) to provide me with qualified Medical attention because it was getting out of control.

On the 17th of March 2004, I was moved from the Medical room to 2N cell 14, a Medical Population in the same facility. This area was occupied mainly by Diabetics and Medical cases.

Finally on the 18th of March 2004, I was transported by two Correctional Officers to Park View Regional Hospital in Mexia, Texas, about 45 miles east of Waco, Texas. The Doctor at this Medical Center performed a test and other required procedures to attack the plaque that was affecting my health. At the end I was diagnosed with Staphylococcus au'reus, and moved to surgery on the 19th of March 2004. The infection was moving fast to my abdominal area, pushing my right testicle to the left side, endangering my life.

Several requests were made to the unit Warden (Mr. Mickey Hubert), such as Step 1 and Step 2 Grievances; however, I got no positive response.

Several letters requesting help, were directed to the United States Marshal Service (Mr. Hector Gomez, Chief of the U.S. Marshal's Austin, Texas); however, I got no response at all.

Finally I sent a request to the United States Department of Justice Office of the Inspector General, Civil Rights and Civil Liberties and have gotten the first response on September 14, 2004. I personally have sent a follow up letter on the 11th day of May 2005, and have received a second response.

On the 15th of February 2006, I submitted an SF 95 (claim for damage, injury, or death). On the 21st of April 2006, the Department of Justice, U.S. Marshal Service, Office of General Counsel denied the tort claim and their argument was that the U.S. Marshal Service entered an

intergovernmental agreement with (MCDC) and that the U.S. Marshal Service is not legally responsible for the conditions or actions of local jail personnel.

In fact the conditions of MCDC is unhealthy, lacking cleanliness and humanity.

The United States Attorney General office and the United States Marshal Service are in care of the security and welfare of the pretrial, holdover, and convicts in the United States of America territory and their possessions.

Giving an intergovernmental agreement to a reckless jail, or facility, demonstrates the lack of care and humanity by the Department of Justice, the U.S. Attorney General and the United States Marshal Service.

Because they are responsible of the events and consequences created in this situation.

## RELIEF

WHEREFORE, Mauro C. Palacio respectfully prays that the Honorable Court order to the United States Justice Department, the U.S. Attorney Genera, and the U.S. Marshal Service, to improve their decisions regarding housing methods and providers. At this time no Jury Trial is requested, and I leave the amount of compensation given to me, due to pain and suffering, and permanent scarring to the wise experience of the Honorable Judge.

Signed this _14_ th day of _October_ 2006

Constitutionally Yours,

*Mauro C. Palacio*

Mauro C. Palacio
McConnell Unit
3001 S. Emily Drive
Beeville, TX 78102-8696
TDCJ-CID 01321256

Table of Exhibits

Response Letter from the U.S Marshal Service        05/11/2005

Response Letter from the U.S. Marshal Service       09/14/2004

SF 95 Claim for Damage, Injury, or Death            02/15/2006

Response Letter from DOJ Denied Tort Claim          04/21/2006



*U. S. Department of Justice*
*United States Marshals Service*
*Operations Support Division*
*Office Of Inspection*

File #3600

May 11, 2005

Mr. Mauro Palacio
1101 N. Twin Creek Drive
Apt 122
Killeen, TX 76543

Dear Mr. Palacio:

We received your letter requesting a follow up from your initial complaint against the McLennan County Detention Center in Waco, TX. Due to privacy issue our office is restricted from releasing any information to you pertaining to our investigations.

Please be assured we have taken your complaint very seriously and your complaint has been processed in compliance with the Department of Justice and United States Marshals Service policies and procedures.

Sincerely,

Yvonne Bonner
Chief Inspector
Office of Inspection

cc: File

06 2054

**FILED**

NOV 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



U. S. Department of Justice
United States Marshals Service
Operations Support Division
Office Of Inspection

File #3600

September 14, 2004

Mr. Mauro Palacio
1101 Twin Creek
Apt 122
Killeen, TX 76543

Dear Mr. Palacio:

We received your letter regarding allegations of mistreatment at the McLennan County Detention Center in Waco, TX. Please be assured we take all complaints submitted very seriously and your complaint will be processed in compliance with the Department of Justice and United States Marshals Service policies and procedures. Thank you very much for bringing this matter to our attention.

Sincerely,

Yvonne Bonner
Chief Inspector
Office of Inspection

cc: File

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: <br> UNITED STATES DEPARTMENT OF JUSTICE <br> US MARSHAL SERVICE <br> OGC <br> WASHINGTON, DC 20530-1000 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) <br> MAURO C. PALACIO <br> 1101 N. TWIN CREEK DRIVE, APT.122 <br> KILLEEN, TEXAS 76543 |
|---|---|

| 3. TYPE OF EMPLOYMENT <br> ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH <br> 12/06/1966 | 5. MARITAL STATUS <br> MARRIED | 6. DATE AND DAY OF ACCIDENT <br> 03/10/2004 | 7. TIME (A.M. OR P.M.) <br> 20:00 |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)

AT US MARSHAL CUSTODY HOUSE AT McLENNAN COUNTY DETENTION CENTER WACO, TEXAS, THIS DETENTION CENTER CREATE AN UNHEALTHY ENVIRONMENT AND THE LACK OF CLEANING SUPPLIES CAUSED THIS INJURY-BECAUSE THIS SITUATION-INFECTED BY STAPH INFECTION ON THE 03/10/2004, PAIN AND SUFFERING, SCARS, UNABLE TO WALK AND PERFORM SIMPLE TASKS.

\* SEE EXHIBITS MEDICAL RECORDS \*

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

NONE

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

STAPH INFECTION, DUE TO UNHEALTHY PREMISES

PAIN/SUFFERING & DISABILITY

PERMANENT SCARRING(S)

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| MR. SIMON SERNA | UNKNOWN |

12. (See Instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| $ 0.00 | $25,000.00 | $0.00 | $25,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) <br> *Mauro C. Palacio* | 13b. Phone number of signatory <br> 254.680.5244 | 14. DATE OF CLAIM <br> 2-15-2006 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM <br> The claimant shall forfeit and pay to the United States the sum of $2,000. plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS <br> Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |
|---|---|

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE



**U.S. Departm Justice**

United States Marshals Service

*Office of General Counsel*

_____

*Washington, DC 20530-1000*

**APR 2 1 2006**

**CERTIFIED MAIL #** ___7004 2890 0004 1893 2843___

Mauro C. Palacio
1101 N. Twin Creek Drive, Apt. 122
Killeen, TX 76543

    **Re: Administrative Tort Claim**

Dear Mr. Palacio:

    This responds to the administrative tort claim you filed with the United States Marshals Service (USMS), in the amount of $25,000.00. The claim allegedly arises from injuries you purportedly received from a staph infection and purported "unhealthy environment," while you were housed as a federal pretrial detainee at the McLennan County Detention Center (MCDC), in Waco, Texas on March 10, 2004.

    The applicable provisions of the Federal Tort Claims Act [28 U.S.C. §§ 1346(b), 2401(b), 2671, et seq.] provide for the payment of claims which arise from the negligent or wrongful acts or omissions of an employee of the Federal Government while acting within the scope of his or her employment.

    Our review of your claim disclosed no evidence of negligence or wrongful acts on the part of any USMS employee. Specifically, the USMS entered into an Intergovernmental Agreement with McLennan County to temporarily house federal pretrial detainees at the MCDC. In this regard, the daily safekeeping responsibility for federal prisoners housed at a local contract jail, such as the MCDC, to include medical care and conditions of confinement, rests with the jail, and not with the U.S. Marshals Service. The USMS is not legally responsible for the conditions of the facility or actions of local jail personnel, since they are considered to be independent contractors. See Logue v. United States, 412 U.S. 521 (1973).

   Accordingly, your administrative tort claim against the United States, in the amount of $25,000.00 is denied. If you are dissatisfied with our determination, you may file suit in the appropriate U.S. District Court not later than six months after the date of the mailing of this notice of final denial.

                       Sincerely,

                       Gerald M. Auerbach
                       General Counsel